UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NISHA HOSPITALITY LLC d/b/a SHADY OAKS MOTEL, § § § *Plaintiff,* § § v. § § SCOTTSDALE INSURANCE COMPANY, § § § *Defendant.* § | Civil Action No. 3:22-cv-1811-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Scottsdale Insurance Co.'s (Scottsdale) motion to deny attorney's fees to plaintiff Nisha Hospitality LLC d/b/a Shady Oaks Motel (Shady Oaks Motel) [Doc. No. 10]. After careful consideration, and for the reasons explained below, the Court **DENIES** Scottsdale's motion.

### I.   Factual Background

Dallas has bad weather. A storm damaged Shady Oaks Motel in October 2019. Scottsdale estimated the damage at $19,461.40 in terms of replacement cost value and $15,669.71 in terms of actual cash value. On November 30, 2020, the public adjuster Shady Oaks Motel hired (Pinnacle Limited) sent Scottsdale its replacement cost estimate of $87,270.91. Pinnacle Limited sent this estimate twice more on subsequent dates. And counsel for Shady Oaks Motel again demanded the $87,270.91 amount from Scottsdale on June 9, 2022, less than 61 days before filing suit.

1

## II.  Legal Standards

Texas Insurance Code section 542A.003 requires that "not later than the 61st day before the date a claimant files an action . . . the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action."[1]  The notice must include:

(1)  a statement of the acts or omissions giving rise to the claim;

(2)  the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)  the amount of reasonable and necessary attorney's fees incurred by the claimant[.][2]

That presuit notice can come from "an attorney or other representative," but if so, it must "provide a copy of the notice to the claimant" and "include in the notice a statement that a copy of the notice was provided to the claimant."[3]  And presuit notice is not required if it is "impracticable because . . . the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire . . . ."[4]

The remedy for not sending a presuit notice with a specific monetary demand on the claim is that "the court may not award to the claimant any attorney's fees

---

[1] Tex. Ins. Code § 542A.003(a).

[2] *Id.* § 542A.003(b).

[3] *Id.* § 542A.003(c).

[4] *Id.* § 542A.003(d)(1).

incurred after the date" the defendant files the motion to exclude fees.[5] Other violations of the law are remedied by abating the case if the plaintiff so requests.[6]

### III.  Analysis

Did the Pinnacle Limited estimates amount to presuit notice? Shady Oaks Motel says yes. Scottsdale says no and cites to *Kiwi Hospitality – Houston, LLC v. Mt. Hawley Insurance Co.* for the proposition that estimates by public adjusters do not meet the requirements of presuit notice in section 542A.003(b)(2).[7] The Court agrees with Shady Oaks Motel that the adjuster's estimate satisfies section 542A.003's presuit notice requirement.

As addressed above, the notice must specify "the specific amount alleged to be owed by the insurer on the claim" under Section 542A.003(b)(2). Here, the Pinnacle Limited estimate indicated the replacement cost should have been $87,270.91 (adding totals for other structures, the sign, building 1, and building 2). This is the only requirement Chapter 542A states will result in no further attorney's fees if violated.[8]

Scottsdale is correct in contending the *Kiwi Hospitality* held that a public adjuster's estimate did not suffice.[9] That opinion never gave the rationale for its

---

[5] *Id.* § 542A.007(d).

[6] *Id.* § 542A.005.

[7] No. CV H-19-3173, 2020 WL 6278694, at *2 (S.D. Tex. May 7, 2020) ("The Court finds the estimate sent by [the public adjuster], prior to [the insurance adjuster's] decision on the claim, does not constitute presuit notice as required by Texas Insurance Code §§ 542A.003(b)(2) . . . .").

[8] Tex. Ins. Code § 542A.007(d) ("If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court.").

[9] 2020 WL 6278694, at *2.

3

holding, and a further Westlaw search yields another Southern District decision that more fully explains how chapter 542A works. In *Mount Canaan Missionary Baptist Church v. Westchester Surplus Lines Insurance Co.*, Judge Hanen walked, in detail, through the chapter and held that the only requirement of the claimant for the presuit notice to avoid the penalty of excluding attorney's fees is that the notice must specify the amount allegedly owed on the claim.[10]

The question remains is if there is any impact from the fact that the presuit notice came from an adjuster and not the claimant. This certainly impacts the requirements in section 542A.003(d) that such a notice to copy the claimant and say it is copying the claimant. The Court has reviewed the documents Pinnacle Limited sent Scottsdale on three occasions. None copied the claimant or contained a statement that they copied the claimant. But that violation of section 542A.003(d) doesn't trigger the remedy of excluding attorney's fees (which only is a remedy for violating the monetary demand in section 542.003(d)(2)). While there is no specific remedy for a violation of section 542A.003(d), the chapter also allows for abatement as a remedy for an insurer not receiving "a presuit notice complying with Section 542A.003."[11] But abatement won't work here because the abatement section hinges on the plaintiff filing a plea in abatement, and Shady Oaks Motel has not filed such a plea or requested an abatement when responding to the motion to exclude fees. As such, the Court finds abatement to not be an available remedy for Pinnacle Unlimited

---

[10] No. 4:19-CV-00660, 2019 WL 13114309, at *5 (S.D. Tex. Aug. 13, 2019).

[11] *Id*. § 542A.005(a)(1).

4

failing to copy Shady Oaks Motel and including a statement saying it was doing so.[12] And neither is excluding fees because the presuit notice included the monetary amount demanded.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Scottsdale's motion to preclude Shady Oaks Motel from recovering attorney's fees.

**IT IS SO ORDERED** this 2nd day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[12] Shady Oaks Motel also contends the notice its lawyer provided less than 61 days before filing suit complies with chapter 542A. The Court need not reach that argument because of the finding that Pinnacle Limited's notice included the monetary demand whose absence would exclude the recovery of attorney's fees.